UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Stephen Flanagan, as a Trustee of The General
Building Laborers' Local 66 Pension Fund;
Stephen Flanagan, as a Trustee of The General
Building Laborers' Local 66 Welfare Fund;
Stephen Flanagan, as a Trustee of The General
Building Laborers' Local 66 Annuity Fund;
Stephen Flanagan, as a Trustee of The General
Building Laborers' Local 66 Laborers'
Employer Cooperative and Educational Trust
Fund; Stephen Flanagan, as a Trustee of The
General Building Laborers' Local 66 Greater
NY Laborers' Employer Cooperative and                           15-Cv-6242
Educational Trust Fund; Stephen Flanagan,                       JFB-AKT
as a Trustee of The General Building Laborers'
Local 66 Training Program; Stephen Flanagan,
as a Trustee of The General Building Laborers'
Local 66 New York State Health and Safety
Fund; Stephen Flanagan, as Business Manager
of General Building Laborers' Local Union
No. 66 of The Laborers' International Union of
North America, AFL-CIO,

                                                    Plaintiffs,

-Against-


Baywood Concrete Corp., Bohemia Concrete Corp.,
Joseph Cunha and Maria Silva,


                                                    Defendants.
------------------------------------------------------------------------X

## DEFENANTS' ANSWER TO COMPLAINT

Defendants Joseph Cunha and Maria Silva (the "Individual Defendants"), by their

attorneys, The Ziskin Law Firm, LLP, for their Answer to the Complaint state as follows:

1. The Individual Defendants lack knowledge and information sufficient to form a

   belief as to the truth of the allegations contained in paragraph 1 of the Complaint

and assert that such allegations contain conclusions of law which are for the consideration of the Court.

2. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

3. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

4. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

5. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

6. The Individual Defendants assert that the allegations contained in paragraph 6 of the Complaint lack specificity and are ambiguous and that such allegations cannot be admitted or denied.

7. The Individual Defendants assert that the allegations contained in paragraph 7 of the Complaint lack specificity and are ambiguous and that such allegations cannot

be admitted or denied.

8. The Individual Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. The Individual Defendants assert that the allegations contained in paragraph 9 of the Complaint lack specificity and are ambiguous and that such allegations cannot be admitted or denied.

10. The Individual Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The Individual Defendants deny the allegations contained in paragraph 11 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

12. The Individual Defendants deny the allegations contained in paragraph 12 of the Complaint and assert that certain allegations contain conclusions of law which are for the consideration of the Court.

13. The Individual Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

15. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and assert that such allegations contain conclusions of law which are for the

consideration of the Court.

16. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

17. With respect to the allegations contained in paragraph 17 of the Complaint, the Individual Defendants repeat and reallege each and every portion of their Answer to paragraphs 1 through 16 of the Complaint as if more fully set forth herein at length.

18. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the contained in paragraph 18 of the Complaint.

19. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

20. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

21. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

22. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

23. The Individual Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

25. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and assert that such allegations contain conclusions of law which are for the consideration of the Court.

26. The Individual Defendants deny the allegations contained in paragraph 26 of the Complaint.

### AND FOR THE DEFENANTS' FIRST

### SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

27. The Plaintiffs have failed to state a cause of action for which relief may be granted.

### AND FOR THE DEFENANTS' SECOND

### SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

28. That the United States District Court lacks subject matter jurisdiction of this

matter with respect to the Individual Defendants in accordance with the provisions of the Labor Management Relations Act of 1947, §301 (a), 29 U.S.C. §185(a).

AND FOR THE DEFENDANTS' THIRD

SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

29. The United States District Court lacks jurisdiction to enforce contractual obligations, if any, with respect to the Individual Defendants as per the provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132 and §1145.

AND FOR THE DEFENDANTS' FOURTH

SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

30. The allegations set forth within the Plaintiffs' Complaint allege a violation of the National Labor Relations Act, which allegations are reserved exclusively for jurisdiction of the National Labor Relations Board, and the United States District Court is preempted from considering such allegations with respect to the Individual Defendants.

AND FOR THE DEFENDANTS' FIFTH

SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

31. The provisions of the instant Complaint which alleges violations of the collective bargaining agreement between the Plaintiffs and the Individual Defendants is not subject to the jurisdiction of the United States District Court inasmuch as the Plaintiffs have failed to exhaust the grievance and arbitration provisions of the collective bargaining agreement.

6

AND FOR THE DEFENANTS' SIXTH

SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

32. The corporate defendants are not businesses under common control within the meaning of ERISA and/or applicable regulations.

AND FOR THE DEFENANTS' SEVENTH

SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

33. With respect to any and all allegations made by the Plaintiffs that allege fraudulent conduct, it is respectfully submitted that the Plaintiffs have failed to plead a cause of action for fraud with the specificity and strict pleading requirements of Federal Rule of Civil Procedure 9(b) and as such any and all allegations should be stricken and/or dismissed.

AND FOR THE DEFENANTS' EIGHTH

SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

34. At all times material herein, the Individual Defendants have not been employers within the meaning of §§ 3(5) and 5154 of ERISA (29 U.S.C. § § 1 002(5) and 1 145) and have not been employers in an industry affecting commerce within the meaning of § 301 of the Taft- Hartley Act (29 U.S.C. § 185).

AND FOR THE DEFENANTS' NINTH

SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

35. Absent proof that an individual owner or officer intended to assume ERISA liability as a personal obligation (such as by signing a CBA in an individual capacity), the owner will not be held liable for corporate ERISA obligations

solely by virtue of their role as an officer, shareholder, or manager. <u>Cement &</u> <u>Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund</u> <u>& Annuity Fund v. Lollo, 35 F.3d 29, 33 (2d Cir. 1994)</u> (quoting <u>Sasso v.</u> <u>Cervoni, 985 F.2d 49, 50 (2d Cir. 1993))</u>. Therefore, in an ERISA delinquent contributions case, an individual owner or officer's performance of a "dominant role in the affairs of a corporate employer" will not result in liability absent certain "special circumstances" that justify piercing the corporate veil. <u>See Sasso</u>, 985 F.2d at 50-51.

AND FOR THE DEFENANTS' TENTH

<u>SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE</u>

36. The Individual Defendants are not liable for the defendant corporation's unpaid benefit fund contributions absent certain "special circumstances" that justify piercing the corporate veil. The action should be dismissed as Plaintiffs' Complaint fails to alleges that the Individual Defendants: (1) knowingly participated in a fiduciary's breach of ERISA trust obligations; (2) conspired to divert ERISA funds for personal benefit; (3) intermingled personal and corporate assets; (4) engaged in fraudulent conduct; and/or (5) are in fact the defendant corporations or the corporations' alter ego.

AND FOR THE DEFENANTS' ELEVENTH

<u>SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE</u>

37. Plaintiff's complaint fails to state a claim that the Individual Defendants personally agreed to guarantee the corporate defendant's fringe benefit fund contributions and/or that the Individual Defendants were parties to the collective

8

bargaining agreement. Therefore, the Court must conclude that the Individual

Defendants are not "obligated to make contributions" to the plan.


WHEREFORE, it is respectfully requested that the Complaint be dismissed in its entirety,

together with such other and further relief as this Court may deem just and proper,

including, but not necessarily limited to, an award of attorneys' fees in accordance with

the applicable provisions of ERISA.




Dated:          Commack, New York
                February 3, 2016

                        The Ziskin Law Firm, LLP


                By:     _Richard B. Ziskin_
                        Richard B. Ziskin, Esq.
                        Attorneys for the Individual Defendants
                        Office and P. O. Address
                        6268 Jericho Turnpike, Suite 12A
                        Commack, NY 11725
                        (631) 462-1417

9